# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-2041-LRR |
| vs. | **ORDER** |
| GENE JIRAK, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matters before the court are the government's "Motion to Admit Evidence" (docket no. 36) and the government's "Motion in Limine" (docket no. 37) (collectively, "Motions").

## *II. RELEVANT PROCEDURAL HISTORY*

On November 16, 2011, the government filed a three-count Indictment (docket no. 2) against Defendant Gene Jirak. Counts 1 and 2 charge Defendant with making a false claim for a tax refund in violation of 18 U.S.C. § 287. Count 3 charges Defendant with uttering a forged treasury check in violation of 18 U.S.C. § 510(a)(2). On January 24, 2012, the government filed a Superseding Indictment (docket no. 26), charging Defendant with two additional crimes. Count 4 charges Defendant with mail fraud in violation of 18 U.S.C. § 1341. Count 5 charges Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

On February 10, 2012, the government filed the Motions. Defendant has not filed a resistance, and the time for doing so has passed. *See* Criminal Trial Scheduling Order (docket no. 7) at 2 ("Resistances to [trial-related motions] must be served and filed within 7 days after the filing of the motion.") (emphasis omitted); *see also* LCrR 47(a) ("[A] resistance to a motion in a criminal case must be filed within 7 days after the motion is

served, plus an additional 3 days . . . if the motion is served electronically or by mail.").

## III. ANALYSIS

At the outset, the court notes that, because Defendant has not resisted the Motions, the court may grant the Motions on that basis alone. *See* LR 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."); *see also* LR 7(a) (noting that the term "motion" applies to both civil and criminal motions); LCrR 47(a) ("Local Rule 7 governs motion procedure in criminal cases . . . ."). The court finds, however, that even if Defendant had timely filed a resistance, it is appropriate to grant the Motions based on the merits.

### A. Motion to Admit Evidence

In its Motion to Admit Evidence, the government asks the court to admit evidence at trial that Defendant forged his wife's signature on an Iowa tax refund check ("Iowa check") pursuant to Federal Rule of Evidence 404(b). The government argues that the evidence is admissible to show Defendant's knowledge, intent, absence of mistake or lack of accident because Defendant forged his wife's signature on the Internal Revenue Service ("IRS") refund check ("IRS check") at issue in this case. The government further argues that, because the IRS check was made out to Defendant and his wife and the Iowa check was made out to Defendant's wife, Defendant's prior forgery shows that he knew that signing his wife's name was not authorized, he intended to forge her signature without her permission and the forgery on the IRS check was not an accident or mistake.

Federal Rule of Evidence 404(b) states:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving . . . intent, . . . knowledge, . . . absence of mistake, or lack of accident.

Fed R. Evid. 404(b). The Eighth Circuit Court of Appeals has adopted a four-factor test

to determine the admissibility of Rule 404(b) evidence:

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value."

*United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006) (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).

First, the Iowa check is relevant to show Defendant's knowledge, intent, absence of mistake or lack of accident regarding whether Defendant forged the IRS check as charged in Count 3 of the Superseding Indictment. *See United States v. Reed*, 686 F.2d 651, 652 (8th Cir. 1982) (holding that evidence of the defendant's prior mutilation of currency was properly admitted during the defendant's trial for uttering a counterfeit bill because the evidence was relevant to show knowledge and intent and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice); *United States v. Drumright*, 534 F.2d 1383, 1385 (10th Cir. 1976) (holding that evidence of a previously uttered forged bill was relevant to the defendant's knowledge and intent in passing the forged bill at issue in the case).

Second, the Iowa check forgery is similar in kind and close in time to the crime charged. Defendant deposited the Iowa refund check on March 18, 2009, and Defendant attempted to deposit the IRS check on March 9, 2009. In both instances, the government alleges that Defendant forged his wife's signature on a tax refund check and attempted to deposit the check at a financial institution. *See United States v. Hardrich*, 707 F.2d 992, 994 (8th Cir. 1983) (finding that evidence of prior felony convictions of uttering a forged instrument were admissible because the defendant was charged with uttering forged treasury checks, the defendant uttered checks stolen from his employer in both crimes and the court's cautionary instruction cured any concern for danger of unfair prejudice).

Third, the government states that it intends to offer the Iowa check with the forged

signature into evidence. Thus, the Iowa check is sufficient evidence of the prior forgery.

Fourth, the court finds that the danger of unfair prejudice does not outweigh the probative value of the evidence. *See Reed*, 686 F.2d at 652; *Hardrich*, 707 F.2d at 994. Furthermore, any danger of prejudice can be lessened by an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk of unfair prejudice . . . was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had."); *Hardrich*, 707 F.2d at 994 (same).

In light of the foregoing, the court shall grant the government's Motion to Admit Evidence.

### B.  Motion in Limine

In its Memorandum in Support of its Motion in Limine, the government asks the court to bar Defendant "from introducing evidence of, or making arguments concerning, his anti-government and anti-income tax views." Government's Memorandum in Support of its Motion in Limine (docket no. 37-1) at 1. The government argues that evidence relating to anti-government and anti-income tax theories is irrelevant under Federal Rule of Evidence 402 because evidence of Defendant's anti-government and anti-income tax views does not have the tendency to make the existence of any fact that is of consequence any more or less probable. The government further argues that any probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, delay and waste of time under Federal Rule of Evidence 403.

Federal Rule of Evidence 402 states, "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 401 states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

4

(b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The court agrees with the government that Defendant's personal views on the government and the income tax system do not have a tendency to make any fact more or less probable than it would be without the evidence. *See* Fed. Rule Evid. 401; *cf. Cheek v. United States,* 498 U.S. 192, 206 (1991) (holding that a defendant's beliefs that federal tax statutes are unconstitutional were irrelevant to the issue of willful tax evasion); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting a defendant's claim that he could not be punished under federal tax laws because he was a citizen of a sovereign state as frivolous and without merit).

Additionally, Defendant's anti-government and anti-tax views will not support a good-faith defense. *See United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005) ("[T]he [United States Supreme] Court distinguished a defense based on the defendant's good-faith belief that he was acting within the law from a defense based on the defendant's views that the tax laws are unconstitutional or otherwise invalid." (citing *Cheek*, 498 U.S. at 204-06)); *United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985) ("[A] good faith disagreement with the tax laws or a good faith belief that they are unconstitutional are not defenses."). Thus, the court finds that evidence relating to Defendant's anti-government and anti-income tax views is irrelevant and inadmissible pursuant to Rule 402.

Furthermore, the court finds that, even if evidence regarding Defendant's anti-government and anti-income tax views was relevant, it would be inadmissible under Federal Rule of Evidence 403. Rule 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Allowing Defendant to present his anti-government and anti-income tax views would present a danger of confusing the issues for the jury, cause undue delay and constitute a

waste of time. *See Latham*, 754 F.2d at 751 (holding that it was proper for the trial court to exclude portions of books that a defendant claimed he relied on because they contained general criticisms of the Tax Code and "might very well have confused or misled the jury"); *United States v. Bernhardt*, 642 F.2d 251, 253 (8th Cir. 1981) (per curiam) (holding that allowing the defendant to present legal references in support of his argument that he did not intentionally fail to file a tax return would "tend to confuse the jury"). Thus, the court finds that, even if evidence regarding Defendant's anti-government and anti-income tax views is relevant, it is inadmissible pursuant to Rule 403.

In light of the foregoing, the court shall grant the government's Motion in Limine.

### IV. CONCLUSION

For the foregoing reasons, the court **HEREBY ORDERS**:

(1) The government's Motion to Admit Evidence (docket no. 36) is **GRANTED**;

(2) The government's Motion in Limine (docket no. 37) is **GRANTED**; and

(3) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**DATED** this 30th day of May, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA