RECEIVED

MAY 31 2012

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE NORTHERN DISTRICT OF IOWA

EASTERN DIVISION

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | ) | Case No. **6:11-cr-02041-LLR-1** |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| | ) | |
| Gene Jirak, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TO THE HONORABLE JUDGE:

Defendant, Gene Jirak, In Proper Persona and not pro se, by and through himself, hereby brings this motion to dismiss on behalf of the defendant.

I.

INTRODUCTION

The Defendant, Gene Jirak (herein after "Defendant") was indicted by the US Grand Jury on 2 counts of False Claim for Tax Refund, 1 count of Uttering a Forged Treasury Check, 1 count of Mail Fraud and 1 count of Aggravated Identity Theft. Defendant has relied upon certain advice from persons holding themselves out to be tax professionals. Defendant herein moves this

1  Court to dismiss the indictment based upon reliance and therefore there can be no knowing

2  willfulness to cause criminal indictment.

3  II.

4  FACTS

5  On or about November 25, 2008 the Defendant contacted a company known as Liberty

6  Tree tax service (Tim and Connie Strain) from Baton Rouge Louisiana (herein after "Liberty"),

7  who told the Defendant that they (Liberty) had programs that would get him out his financial

8  situations. That Liberty had an 1099 OID program that would assist in defendant's financial

9  problems and that Liberty would prepare all of the Defendants tax returns and documents in

10  association with their programs. In the discussions with Liberty, they also told Defendant that

11  they could get him all back income taxes Defendant had paid to the US.

12  Defendant went to phone seminars put on and prepared by Liberty. Defendant received

13  many emails (attached herein as Exhibit "A") from Liberty. Those emails clearly show that

14  Liberty was at the helm on creating and instructing the defendant in all filings done for the

15  defendant.

16  Defendant relied upon Liberty as knowing the best way of handling the Defendant tax

17  affairs to Defendant's determent. The Defendant herein is a victim of predatory tax schemes.

18  III.

19  MEMORADUM IN SUPPORT OF MOTION TO DISMISS

20  III a. Detrimental Reliance

21  In the case at bar, the Defendant relied upon the tax advice of a company known as

22  Liberty who's persons in control of that company made themselves out to be tax advisors and

23  professionals, who prepared the Defendants tax returns (attached herein as exhibit "B"). The

24  Defendant detrimentally relied upon Liberty. The Defendant moves this Court to dismiss all

25  counts of the indictment under reliance of the Defendant.

26  This case is not one in which a taxpayer has relied on the erroneous advice of counsel

27  concerning a question of law. Courts have frequently held that "reasonable cause" is established

28  when a taxpayer shows that he reasonably relied on the advice of persons who hold themselves

out to be professionals, even when such advice turned out to have been mistaken. See, e.g., United States v. Kroll, 547 F2d 393, 395396 (CA7 1977); Commissioner v. American Assn. of Engineers Employment, Inc., 204 F.2d 19, 21 (CA7 1953); Burton Swartz Land Corp. v. Commissioner, 198 F.2d 558, 560 (CA5 1952); Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d at 771; Orient Investment & Finance Co. v. Commissioner, 83 U.S.App.D.C. at 75, 166 F.2d at 603; Hatfried, Inc. v. Commissioner, 162 F.2d at 633-635; Girard Investment Co. v. Commissioner, 122 F.2d at 848; Dayton Bronze Bearing Co. v. Gilligan, 281 F. 709, 712 (CA6 1922). This Court also has implied that, in such a situation, reliance on the opinion of a tax adviser may constitute reasonable cause for failure to file a return. See Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944) (remanding for determination whether failure to file return was due to reasonable cause, when taxpayer was advised that filing was not required)

When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney. To require the taxpayer to challenge the attorney, to seek a "second opinion," or to try to monitor counsel on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place. See Haywood Lumber, supra, at 771. "Ordinary business care and prudence" do not demand such actions", United States v. Boyle, 469 U.S. 241, 250-01 (1985).

Therefore, this Court should dismiss all counts in the indictment.


### III b. The Willfulness Test


In the case at bar, the Defendant relied upon the tax advice of Liberty. The Defendant detrimentally relied upon Liberty. The Defendant moves this Court to dismiss all counts of the indictment under reliance of the Defendant and the fact that there can be no willfulness to commit the crimes alleged in the indictment.

In the following cases the requirement that the offense denounced by the indictment be

"willful" or "knowingly" was held to require something in addition to knowledge that the act omitted by the defendant was required of him by statute. That is, the following opinions indicate a requirement that the failure to do the required act or act not to be done, be not only with knowledge of the requirement or act, but with intent to evade the tax laws or with a similar "evil motive."

In the case at bar, the defendant relied upon Liberty and the advice of them. Liberty, preparing Defendant's tax returns and telling defendant to filing said tax returns with the IRS. The Defendant detrimentally relying upon those tax returns, received no communications from the IRS telling the Defendant the tax returns were frivolous or otherwise.

The test of willfulness or knowingly, as found in the statute, involves more than a finding that the defendant's actions or omissions were intentional, it was held in United States v Murdock (1933) 290 US 389, 78 L Ed 381, 54 S Ct 223. In approving of a requested instruction to the effect that if the jury believed that the reasons stated by the defendant for his refusal to answer questions were given in good faith and based upon actual belief, it should consider such good faith and actual belief in determining whether or not the defendant's refusal to answer was willful, the court noted that the term "willfully," as used in criminal statutes, generally means an act done with a bad purpose, and that in the present instance, the other omissions which the statute denounced, including the failure to file or pay taxes as required, aided in interpreting the meaning as it respected the offense charged—that of willfully refusing to answer questions and give information.

Congress did not intend, the court held, that a person, by reason of a good–faith misunderstanding as to his liability for tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct, and the requirement that the omissions in these instances must be willful in order to be criminal is persuasive, the court continued, that the same element is essential to the offense of failing to supply information. The court therefore held that the defendant was entitled to the charge he requested with respect to good faith and actual belief. In noting that the term "willful," often used to denote an act done intentionally, as distinguished

from accidentally, means, when used in a criminal statute, an act done with a bad purpose, the court, in a portion of its opinion often quoted by other courts, listed a number of the definitions given to this term in the context of a criminal statute: without justifiable excuse; stubbornly, obstinately, perversely; or a thing done without ground for believing it is lawful.

In the case at bar, the Defendant has a justifiable excuse, which is the Defendant relied upon professionals who advised the Defendant to his determent, without government telling the defendant otherwise.

Findings of fact based upon what the court regarded as the test of willfulness as defined in United States v. Murdock (US) supra, especially that part defining the term "willfulness" to include a thing done without ground for believing it is lawful, or, conduct marked by careless disregard of whether or not one has the right so to act, were held error in United States v Palermo (1958, CA3 Pa) 259 F2d 872. In criticizing the lower court for its failure to include in its test the factor of evil motive or bad purpose, the court stated that factors such as those found by the lower court, including obstinacy, action without justifiable excuse, and careless disregard, were not factors which, either singly or cumulatively, were self–sufficient to establish "willfulness" under the statute, and the court also included among these factors that of "gross negligence."

Adhering to its opinion in an earlier case involving the felony section dealing with willful evasion of taxes, the court held that "willfulness" required a specific wrongful intent, and an "evil motive," the burden of establishing which is on the prosecution.

The court then held that the proper standard of willfulness, as applied to the situation presented, required the existence of a specific wrongful intent —an evil motive —at the time the crime charged was committed. A series of defaults, knowingly and intentionally made, may suggest the existence of the required "evil motive," but mere laxity or careless disregard of the duty imposed by law, or even gross negligence, unattended by "evil motive," is not probative of willfulness, the court held.

Instructions to the jury in which the trial court defined the term "willfully" as used in the statute as meaning "a careless disregard whether or not one has a right to do so," or "a bad purpose or without grounds for believing that one's act is lawful....," and similarly, were held

error in United States v Vitiello (1966, CA3 NJ) 363 F2d 240, 22 ALR3d 1161, a prosecution for failure to file tax returns, as being improper dilutions of the scienter required by the statute. Recognizing that the instructions given by the lower court were found in the opinion in United States v Murdock (1933) 290 US 389, 78 L Ed 381, 54 S Ct 223, supra, the court stated that the enumeration of different meanings given to the term "willful" in the context of various criminal statutes, found in that opinion, and on which the lower court had based its instructions, should not be read as a statement that these meanings were those intended by that court to define the term as used in the statute under consideration, the court noting that the conclusion in that opinion was that "willful," as an element of the offense under consideration, connoted "bad faith or evil intent." The court disposed of a contention that a distinction should be made between the requirement of willfulness as found in the statute under consideration and as found in that making an attempt to evade taxes a felony, by stating that the opinion cited in support of that contention, Spies v United States (1943) 317 US 492, 87 L Ed 418, 63 S Ct 364, although containing words to that effect, resulted in a holding that the failure made criminal by this statute must include "some element of evil motive." Conviction in the court below was therefore reversed in order that the jury might be instructed that the willfulness required by the statute included an intentional and reprehensible act, attended by knowledge of one's tax obligations and intent to avoid them, excluding any element of carelessness or gross negligence.

To the same effect, see United States v Pepe (1962, DC Del) 209 F Supp 592, affd (CA3) 339 F2d 264. Also citing United States v Palermo, the court in United States v Roy (1963, DC Del) 213 F Supp 479, held that in order for a criminal act to be willful, it must not only be committed deliberately and knowingly, but with a bad motive or evil intent, and that the prosecution had to prove that the defendant deliberately committed one or more of the specified violations (failing to register for and pay wagering tax) with the intention of "getting away with it."

Similarly, in United States v McGonigal (1963, DC Del) 214 F Supp 621, a prosecution for failure to purchase a gambling tax stamp, it was stated that in order for a criminal act to be willful, it must be committed not only deliberately and knowingly, but with a bad motive or evil

1   intent, citing United States v Palermo (1958, CA3 Pa) 259 F2d 872, supra. Simply stated, the

2   government must prove, in order to convict, that the defendant deliberately committed the

3   specified violation with the intention of "getting away with it," the court held.

4       The "willfulness" test enunciated in United States v Palermo supra, was approved in

5   United States v Wilson (1963, DC Del) 214 F Supp 629; United States v Goodman (1961, DC

6   Ill) 190 F Supp 847.

7       However, other earlier opinions by the Court of Appeals in the Third Circuit, while

8   taking the view that there must be an evil motive or purpose present in order to satisfy the

9   statute, apparently support a somewhat less strict view of what bad purpose, motive, or intent to

10  evade the law is required to show such evil motive or purpose.

11      Thus where, as part of its charge to the jury, the lower court had stated that the only bad

12  purpose or bad motive necessary for the government to prove in a prosecution for willful failure

13  to make income tax returns was the deliberate intention not to file returns which the defendant

14  knew ought to be filed, so that the government would not know the extent of tax liability, the

15  charge was approved in United States v Litman (1957, CA3 Pa) 246 F2d 206, cert den 355 US

16  869, 2 L Ed ed 75, 78 S Ct 118, notwithstanding that in a previous portion of the instruction the

17  court had said that the word "willful," as used in the statute, meant an act done with a bad

18  purpose or one done without justifiable excuse, or one done stubbornly, obstinately, perversely,

19  or with a bad motive. The defendant argued that the use of the word "or" in such portion of the

20  charge tended to indicate that absence of legal justification, without regard for bad purpose,

21  might also amount to willfulness under the statute, but the court, treating the instructions as a

22  whole, held that the use of the word "or," if at all misleading, was not sufficiently misleading to

23  require correction, and also stated that the evidence gave the jury an adequate basis for a finding

24  that the defendant's failure to file income tax returns when due was "willful" in that the omission

25  was advertent and motivated by the bad purpose of "preventing the government from receiving

26  returns at the time required by law."

27      The definition of "willful" as meaning "voluntary, purposeful, deliberate, intentional as

28  distinguished from accidental, inadvertent or negligent," given to the jury in a prosecution for

willfully failing to file income tax returns, was approved in United States v Cirillo (1957, CA3 Pa) 251 F2d 638, cert den 356 US 949, 2 L Ed 2d 843, 78 S Ct 914. The court also instructed that the only bad purpose or motive which it is necessary to prove is the deliberate intention not to file a return which the defendant knew ought to be filed, so that the government would not know the extent of the tax liability, and defendant objected that the court had not made clear the necessity of showing "evil intent and bad purpose." However, on appeal, it was held that where the offense charged is the misdemeanor of willfully failing to file a tax return, the phrase "bad purpose" used as a characterization of "willfulness" serves merely to distinguish situations involving good faith misconceptions of what is required from those where the failure to file has been attended by knowledge of the legal obligations involved, and thus a specific evil motive was held not to be a requirement of the definition of willfulness.

Approving this standard of willfulness is United States v Long (1958, CA3 Pa) 257 F2d 340.

Approving this standard for willfulness are United States v Benus (1961, DC Pa) 196 F Supp 601, affd (CA3) 305 F2d 821; United States v Di Silvestro (1957, DC Pa) 147 F Supp 300. The Court of Appeals for the Fifth Circuit also appears to require, as a part of the test for willfulness under the statute, that there be not only knowledge of the existence of the obligation, but also a wrongful intent to evade it.

Thus, in Hargrove v United States (1933, CA5 Tex) 67 F2d 820, 90 ALR 1276, where defendant was convicted of willfully failing to file income tax returns, it was held that the trial court had erred in refusing to give a requested instruction to the effect that the term "willful," as used in the statute making the willful failure to file an income tax return a misdemeanor, implied a knowledge on the part of the defendant and a purpose to do wrong. The lower court's position that if defendant had failed to make his return and to pay his tax when due, the failure must be deemed in law to have been willful, was rejected by the court on appeal, as failing to distinguish between a statute simply denouncing the doing of a criminal act, and one denouncing as criminal only the willful doing of an act, as in the statute under consideration. In a statute making criminal the willful doing of an act, the court held, a specific wrongful intent, that is, actual knowledge of

NOTICE

1     the existence of the obligation and a wrongful intent to evade it, is of the essence.

2        A contention by the defendant in a prosecution for failure to file income tax returns that

3     an instruction which included a charge to the jury that "[you] are further instructed that the word

4     'willful' as used in this statute means with a bad purpose, or without ground for believing that

5     one's act is lawful, or with a careless disregard whether one has the right to so act," permitted the

6     jury to convict him for mere carelessness or inadvertence, contrary to the statutory requirement

7     that the failure to file be willful, was upheld on appeal, and the conviction reversed, in Haner v

8     United States (1963, CA5 Tex) 315 F 2d 792. The government's contention that the word

9     "willful" meant something less when used in a misdemeanor statute, as in the instant case, than

10     when used in a felony statute, was rejected by the court, which stated that "willful" generally

11     means intentional, knowing, or purposeful activity, as opposed to carelessness, thoughtless-ness,

12     heedlessness, or inadvertence, and the court specifically stated that it was unable to agree with

13     the charge approved in Abdul v United States (1958, CA9 Hawaii) 254 F2d 292, infra § 5, in

14     which a charge similar to the one given by the lower court in the instant case was approved.

15        However, another decision of the Court of Appeals in the Fifth Circuit appears not to re-

16     quire as definite a showing of intent or evil motive to satisfy the statutory requirement of

17     willfulness, at least where the prosecution is for willful failure to register or file a return.

18        The issue in Edwards v United States (1963, CA5 Fla) 321 F2d 324, was whether, in or-

19     der to sustain a conviction for willful failure to pay the special tax imposed on persons engaged

20     in the business of accepting wagers, proof was required that the defendants were aware of the

21     tax, and "willfully" refused to pay it, and the court held such proof indispensable, reversing the

22     convictions. Rejecting the prosecution's argument that ignorance of the law is no excuse, and that

23     evidence that defendants engaged in gambling as a business, together with their concession that

24     they had not paid the required tax, was sufficient to support the conviction, the court held that

25     where, as here, the statutory definition of the crime includes the element of willfulness, actual

26     knowledge of the existence of the obligation is required, and that mere ignorance or careless

27     disregard was insufficient. In so ruling, the court noted that although the cases it had cited in

28     support of this ruling were concerned with taxes other than the gambling tax, there was no reason

1  why the same rule should not apply in the instant case. In holding that the government had failed
2  to prove an essential element of the crime charged, that is, knowledge of the tax [or in the instant
3  case, knowledge of 1099 OID filings], the court noted that in cases involving nonpayment of
4  income tax, the almost universal knowledge of the existence of that tax might justify placing the
5  initial burden of proof of ignorance on the defendant. On rehearing in the above case, however,
6  in 334 F2d 360, cert den 379 US 1000, 13 L. Ed. 2d 702, 85 S Ct 721, where the convictions
7  were affirmed, the court held that if it was shown that defendants had failed to register for and
8  pay the wagering tax, and there was evidence from which the jury could have inferred beyond a
9  reasonable doubt that defendants had knowledge of the duties imposed upon them by the
10 wagering tax statutes, the test of willfulness would be met, the court quoting from that portion of
11 the opinion in Spies v United States (1943) 317 US 492, 87 L Ed 418, 63 S Ct 364, supra § 2[a],
12 in which it was stated that where applied to failure to make a return, the test of willfulness might
13 be satisfied by mere voluntary and purposeful, as distinguished from accidental, omission to
14 make a timely return, even though, in view of the traditional aversion to imprisonment for debt,
15 more might be required than mere knowing and intentional default in payment of a tax, where
16 there had been no willful failure to disclose the liability.

17 Therefore, this Court should dismiss.

## IV.

## CONCLUSION

20 Wherefore, having set forth various cases and authorities above and the facts therein, this
21 Court should dismiss the indictment on all counts, because the Defendant relied upon persons
22 who held themselves out to be professionals, therefore, there cannot not be any willful evil,
23 motive on the part of this Defendant.

24 Therefore, this Court should dismiss this case in its entirety.

25 Signed this $3\,1^{st}$ day of  May , 2012,

27 Gene Jirak

NOTICE

1

## PROOF OF SERVICE

2

3

4

Under penalties as provided by law pursuant to the Code of Civil and Criminal Procedure, the undersigned certifies that he/she served copies of this notice and accompanying pleadings on each of the person(s) listed at their respective addresses by mailing the same at or before 5:00 pm on _31st_ day of _May_, 2012 and/or personal service.

5

To:

6

7

8

9

Charles J. Williams
US Attorney's Office
401 First Street SE
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

10

11

_Gene Jirak_
Gene Jirak

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28