# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-2041-LRR |
| vs. | **ORDER** |
| GENE JIRAK, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Gene Jirak's "Motion to Dismiss" ("Motion") (docket no. 69).

## II. RELEVANT PROCEDURAL HISTORY

On November 16, 2011, the government filed a three-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charge Defendant with making a false claim for a tax refund in violation of 18 U.S.C. § 287. Count 3 charges Defendant with uttering a forged Treasury check in violation of 18 U.S.C. § 510(a)(2). Defendant's initial appearance and arraignment occurred on December 2, 2011.

On January 24, 2012, the government filed a Superseding Indictment (docket no. 26), charging Defendant with two additional crimes. Count 4 charges Defendant with mail fraud in violation of 18 U.S.C. § 1341. Count 5 charges Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). On January 31, 2012, Defendant was arraigned on the Superseding Indictment. On February 8, 2012, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 35) extending the deadline for filing non-trial related motions to February 21, 2012. On May 31, 2012, Defendant filed the Motion. The court finds it unnecessary to wait for the government to respond.

## III.  ANALYSIS
### A.  *Timeliness*

At the outset, the court notes that the Motion is untimely.  The court's Criminal Trial Scheduling Order (docket no. 7) states that non trial-related motions "referred to in Local Criminal Rule 12.a . . . must be served and filed within **28 days** after the date of the first arraignment."  Criminal Trial Scheduling Order at 2.  Local Criminal Rule 12.a states that "all motions . . . under Federal Rule[] of Criminal Procedure 12(b) . . . must be filed, given, or made within 28 days after the date of the defendant's first arraignment."  LCrR 12.a.  Federal Rule of Criminal Procedure 12(b) states, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue," and specifically refers to "a motion alleging a defect in instituting the prosecution" and "a motion alleging a defect in the indictment or information."  Fed. R. Crim. P. 12(b).

On May 31, 2012, Defendant filed the Motion, arguing that the court should dismiss the Indictment because he relied on advice from persons holding themselves out to be tax professionals.  Defendant was first arraigned on December 2, 2011, and was arraigned on the Superseding Indictment on January 31, 2012.  On February 8, 2012, Judge Scoles extended the deadline for filing non trial-related motions to February 21, 2012.  Thus, the Motion is well past the deadline for filing a non trial-related motion to dismiss, and the court shall dismiss the Motion on this ground.

### B.  *Merits*

Additionally, the court finds that, even if Defendant had timely filed the Motion, Defendant does not raise any grounds that warrant dismissal.  Defendant argues that he "relied upon certain advice from persons holding themselves out to be tax professionals," and, therefore, "there can be no knowing willfulness to cause criminal indictment."  Motion at 1-2.  Defendant further argues that, because he relied on the advice of purported

tax professionals, "there can be no willfulness to commit the crimes alleged in the indictment." *Id.* at 3.

Regarding Defendant's detrimental reliance argument, the court notes that the cases Defendant cites are not relevant to the controlling issues in the instant action. The cases Defendant cites primarily stand for the proposition that reliance on a tax professional's opinion can constitute reasonable cause for a taxpayer's failure to file a return. While "[g]ood faith reliance on an expert tax preparer may be a defense to a tax evasion charge," *United States v. Meyer*, 808 F.2d 1304, 1306 (8th Cir. 1987), the government has not charged Defendant with tax evasion. Instead, the government charged Defendant with filing a false claim for a tax refund, uttering a forged treasury check, mail fraud and aggravated identity theft.

Furthermore, the facts of this case do not support a finding of good faith reliance. "Reliance on tax professionals does not necessarily constitute reasonable cause, but may if all pertinent facts and circumstances are taken into account and the advice is not based on unreasonable factual or legal assumptions." *Sather v. Comm'r*, 251 F.3d 1168, 1177 (8th Cir. 2001); *see also* Treas. Reg. § 1.6664-4(c)(1)(ii) ("[T]he advice must not be based upon a representation or assumption which the taxpayer knows, or has reason to know, is unlikely to be true . . . ."). The advice that Defendant received from Liberty Tree ("Liberty"), a purported tax service company, includes the premise that the "United States Corporation . . . has operated as the de facto government" since 1871 and the assertion that the government has an account full of public funds that can be reclaimed by any person through filing a 1099 OID form. Defendant's Exhibit A (docket no. 69-1) at 3. Additionally, the evidence does not indicate that the individuals at Liberty were attorneys or accountants, or that they held themselves out as such. *See id.* at 7, 13 (identifying Liberty employees as "Tim Strain—Business Manager/Counselor" and "Connie Strain Executive Assistant/Secretary"); *see United States v. Boyle*, 469 U.S. 241, 250 (1985)

3

(noting that reasonable cause can be established "when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney"). The advice that Defendant received was based on unreasonable legal assumptions and given by individuals who did not represent themselves as attorneys or accountants. Thus, Defendant could not reasonably rely on that advice. *See, e.g.*, *Boyle*, 469 U.S. at 251 ("Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute.").

Regarding Defendant's willfulness arguments, the court similarly finds the cases cited by Defendant to be irrelevant. None of the charges against Defendant include a willfulness element. To the extent that the charges of uttering a forged treasury check and mail fraud include elements of intent, the court finds that Defendant's reliance on Liberty's advice was not reasonable for the reasons stated above.

## IV.  CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss (docket no. 69) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 5th day of June, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA