# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-2041-LRR |
| vs. | **ORDER** |
| GENE JIRAK, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Gene Jirak's "Motion for Judgment of Acquittal [and] Conditional Motion for New Trial" ("Motion") (docket no. 97).

## *II. RELEVANT PROCEDURAL HISTORY*

On November 16, 2011, the government filed a three-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charged Defendant with making a false claim for a tax refund in violation of 18 U.S.C. § 287. Count 3 charged Defendant with uttering a forged Treasury check in violation of 18 U.S.C. § 510(a)(2). On January 24, 2012, the government filed a Superseding Indictment (docket no. 26), which charged Defendant with two additional crimes. Count 4 charged Defendant with mail fraud in violation of 18 U.S.C. § 1341. Count 5 charged Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). On June 19, 2012, a jury trial on Counts 1 through 5 commenced. At the close of all the evidence, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The court denied the motion, and the case was submitted to the jury. On June 21, 2012, the jury returned a verdict of guilty on Counts 1 through 5. *See* Jury Verdict (docket no. 93).

On July 5, 2012, Defendant filed the Motion. On July 10, 2012, the government filed a Resistance (docket no. 98). Defendant has not filed a reply, and the time for doing

so has passed. *See* LR 7(g); LCrR 47 (stating that Local Rule 7 governs motion procedure in a criminal case). In the Motion, Defendant requests a hearing. The court finds that a hearing is unnecessary. The matter is fully submitted and ready for decision.

### III. STANDARDS OF REVIEW

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *Id.* at 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). That task is for the jury. *Id.*

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal

quotation mark omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

The court's standard of review differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007) (reiterating applicable standard).

## *IV. ANALYSIS*

In his request for a judgment of acquittal, Defendant argues that there is insufficient evidence for the jury to find him guilty on Counts 1 through 5 of the Indictment. Regarding Counts 1 and 2, Defendant argues that there was insufficient evidence that he acted knowingly because the government offered no evidence that Defendant prepared the

3

2005 or 2008 tax returns or understood what a 1099-OID form was. Furthermore, Defendant argues that there was no evidence that he intended to deceive the government and the claims were so deficient that they were not "material" to the United States Treasury Department or the Internal Revenue Service. Regarding Counts 3 through 5, Defendant argues that there is insufficient evidence of an intent to defraud because Defendant's attempt to deposit the refund check in his joint bank account and complaint against the bank after the bank placed a hold on the check illustrate that Defendant did not intend to defraud anyone. Defendant further argues that, for the same reasons stated above, the court should grant a new trial because the jury's guilty verdicts on Counts 1 through 5 are against the weight of the evidence.

With respect to the merits of the Motion, the court deems it appropriate to deny the Motion for the reasons stated in the government's Resistance. The government's brief adequately sets forth the law that is applicable to the facts in Defendant's case. Specifically, the court finds that the government correctly concluded that: (1) there is sufficient evidence that Defendant made and presented the tax refund claims, and the charged crime does not require the government to prove who actually prepared the return; (2) there is sufficient evidence that Defendant knew that the financial institutions did not issue the 1099-OID forms and that the forms were fabricated, and the charged crime does not require the government to prove that Defendant knew what a 1099-OID form was; (3) there is sufficient evidence that Defendant knew the claims were false; and (5) there is sufficient evidence of Defendant's intent to defraud. Moreover, having thoroughly reviewed the record, the court concludes that granting a judgment of acquittal under Federal Rule of Criminal Procedure 29 is not appropriate because there was sufficient evidence to uphold the jury's verdicts, and the greater weight of the evidence does not support granting a new trial under Federal Rule of Criminal Procedure 33.

## V.  CONCLUSION

In light of the foregoing, Defendant's Motion for Judgment of Acquittal and Conditional Motion for New Trial (docket no. 97) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 31st day of August, 2012.

  LINDA R. READE
  CHIEF JUDGE, U.S. DISTRICT COURT
  NORTHERN DISTRICT OF IOWA